UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:14-CR-85-KAC-DCP-7 |
| ROGER L. MOSER, | ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is a letter from Defendant that "requests a writ of habeas corpus on [his] behalf" as "a result of [him] being charged with a violation of probation" [Doc. 927]. The Court previously sentenced Defendant to seventy (70) months of imprisonment to be followed by four (4) years of supervised release for Conspiracy to Manufacture Five (5) Grams of More of Methamphetamine and Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846, 841(b)(1)(B), and 841(b)(1)(C) [Doc. 484]. Defendant's term of supervision started on October 25, 2018 and has not yet expired. The United States Probation Office reports that on February 14, 2022 Defendant pled guilty to a separate criminal offense in Anderson County Criminal Court, Tennessee. Defendant has reportedly begun serving an eight-year (8-year) term of imprisonment on that conviction and is currently in the custody of the Tennessee Department of Correction. Because Defendant has not properly filed a petition for habeas corpus, the Court denies his motion [Doc. 927].

To commence a petition for a writ of habeas corpus, Defendant must file an application for habeas corpus relief. *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). This application is "the equivalent of a complaint in an ordinary civil case." *Id.* Rule 2 of the Rules Governing Section

2254 Cases provides that an application for a writ of habeas corpus must specify the grounds for relief. Even liberally construing Defendant's letter, Defendant has not commenced a petition for a writ of habeas corpus. His letter is not in the form of a habeas petition or complaint, and it does not identify any grounds for relief [*See* Doc. 927]. Furthermore, construing Defendant's letter as a Section 2254 petition could prejudice him by subjecting any later submissions to the restrictions on second or successive petitions. *See Martin v. Overton*, 391 F.3d 710, 712-14 (6th Cir. 2004). Defendant's letter does not clearly establish that he intends to proceed with a habeas petition at this time and potentially foreclose any future habeas petitions. Because the Court cannot discern the precise relief that Defendant seeks, it declines to construe Defendant's letter as a petition for habeas corpus.

Accordingly, the Court **DENIES** Defendant's motion [Doc. 927]. However, the Court **DIRECTS** the Clerk to mail Defendant a Section 2254 motion form, in addition to a copy of this order, so Defendant can properly file a Section 2254 motion if he wishes to do so.

IT IS SO ORDERED.

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge